Sara D. Beller (SBN 316210)
sara.beller@dolmanlaw.com
Matthew A. Dolman (*pro hac vice* forthcoming)
matt@dolmanlaw.com
R. Stanley Gipe (*pro hac vice* forthcoming)
stan.gipe@dolmanlaw.com
**DOLMAN LAW GROUP**
800 N. Belcher Rd.
Clearwater, FL 33765
Telephone: (727) 451-6900

Troy Rafferty (*pro hac vice* forthcoming)
troy@pbglaw.com
Madeline Pendley (*pro hac vice* forthcoming)
madeline@pbglaw.com
**RAFFERTY DOMINICK CUNNINGHAM & YAFFA**
815 S. Palafox St., Third Floor
Penascola, FL 32502
Telephone: (850) 813-4855

*Attorneys for Plaintiff Jane Doe H.A.C. and Her Next Friend Jane Doe H.C*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE H.C., as guardian and next friend of minor plaintiff, JANE DOE H.A.C., <br><br> Plaintiff, <br><br> v. <br><br> ROBLOX CORPORATION and DISCORD, INC., <br><br> Defendants. | Case No: <br><br> **PLAINTIFFS' MOTION AND [PROPOSED] ORDER TO PROCEED UNDER PSEUDONYMS** |

## I.   INTRODUCTION

Plaintiffs request the Court's permission to proceed in this action under the pseudonyms "JANE DOE H.C." (parent) and "JANE DOE H.A.C." (minor child) due to the highly sensitive and personal nature of the claims asserted. Public disclosure of their identities would risk substantial harm, including the invasion of the minor's privacy, and would subject Plaintiffs to unnecessary embarrassment and possible harassment.

## II.   ARGUMENT

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamechameha Sch.,* 596 F.3d 1036, 1042 (9th Cir. 2010). However, courts permit parties to proceed anonymously when special circumstances justify secrecy. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). The Ninth Circuit has allowed parties to use pseudonyms "in the 'unusual case' when nondisclosure of the party's identity 'is necessary…to protect a person from harassment, injury, ridicule, or personal embarrassment.'" *Id.* At 1067-68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981). "[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity. *Advanced Textile Corp.*, 214 F.3d at 1068. "Applying this balancing test, courts have permitted plaintiffs to use pseudonyms…when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature…" *Id.* For example, "[c]ourts have generally permitted plaintiffs to proceed anonymously when their claims involved allegations of sexual assault or rape." *Doe v. Rose*, 2016 U.S. Dist. LEXIS 188930, at *3-5 (C.D. Cal. June 17, 2016) (collecting cases).

In the case before the Court, Plaintiffs have a substantial privacy interest in guarding sensitive and highly personal information in this action—deeply personal details of the grooming, manipulation, sexual harassment, and sexual exploitation suffered by a minor child. (ECF No. 1). If Plaintiffs are publicly identified, particularly in an era where publicly filed documents are easily searchable, and often circulated online, anyone with internet access will have all the necessary information to quickly ascertain Plaintiffs' identity. Likewise, not allowing Jane Doe H.C. to proceed under pseudonym will inevitably, and swiftly, result in the identification of her minor child, Plaintiff Jane Doe H.A.C.

1	Further, although the public may have a legitimate interest in the legal issues Plaintiffs raise in their Complaint, the actual identities of the induvial involved are irrelevant to this interest, especially considering neither Plaintiff is a public figure. Nor is the public's interest in the legal issues impacted as all of Plaintiffs' filings in the case will be publicly available—only Plaintiffs' names will be shielded from public disclosure.

Lastly, there is no risk of unfairness or prejudice to Defendants by allowing Plaintiffs to proceed pseudonymously. The corporate entity Defendant lacks the vulnerability that Jane Doe H.A.C. faces as a minor and victim of sexual exploitation. Moreover, Plaintiffs will inevitably reveal their identities to Defendants during the course of litigation. Thus, Defendants will not be inhibited from obtaining discovery nor will their ability to present a fill defense at trial be compromised.

Plaintiffs merely seek to shield their personal identifying information and true identities from the public docket. While there is little public interest in knowing Plaintiffs' true identity, Plaintiffs' desire to remain anonymous is compelling. Plaintiffs will be deterred from pursuing the instant ligation if they are forced to reveal their identities. Moreover, such a decision will likely have a chilling effect on other victims' willingness to come forward and bring a lawsuit in similar cases.

### III.   CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court grant this Motion and permit them to proceed in this action under the pseudonyms "JANE DOE H.C." and "JANE DOE H.A.C." and further order that all materials filed in this action, all judgments, and any other documents relating to the action shall refer to Plaintiffs by their pseudonyms without additional identifying information.

DATED: September 23, 2025	Respectfully submitted,

**DOLMAN LAW GROUP**

By:_____
Sara D. Beller (SBN 316210)
sara.beller@dolmanlaw.com
Matthew A. Dolman*
matt@dolmanlaw.com
R. Stanley Gipe*

stan.gipe@dolmanlaw.com
800 N. Belcher Rd.
Clearwater, FL 33765
Telephone: (727) 451-6900
Facsimile: (727) 451-6907

*-And-*

Troy Rafferty*
troy@pbglaw.com
Madeline Pendley *
madeline@pbglaw.com
**RAFFERTY DOMINICK CUNNINGHAM & YAFFA**
815 S. Palafox St., Third Floor
Penascola, FL 32502
Telephone: (850) 813-4855

*Attorneys for Plaintiff Jane Doe H.A.C. and Her Next Friend and Guardian Jane Doe H.C.*

**Pro Hac Vice* motions forthcoming

PLAINTIFFS' MOTION AND [PROPOSED] ORDER TO PROCEED UNDER PSEUDONYM