UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE H. C., et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ROBLOX CORPORATION, et al.,<br><br>　　　　Defendants. | Case No. 25-cv-08076-AGT<br><br>**ORDER GRANTING MOTION TO PROCEED UNDER PSEUDONYMS**<br><br>Re: Dkt. No. 4 |

　　For the reasons identified below, Plaintiffs' motion to proceed under pseudonyms, dkt. 4, is granted subject to reconsideration when defendants appear in this action.

　　"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010). Parties may proceed pseudonymously only "in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (alteration in original) (internal citation omitted). "Because there is a presumption that parties' identities are public information, anonymity is only proper under 'special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity.'" *Doe v. UNUM Life Ins. Co. of Am.*, 164 F. Supp. 3d 1140, 1144 (N.D. Cal. 2016) (quoting *Advanced Textile*, 214 F.3d at 1068).

One such special circumstance is where a plaintiff seeks to "preserve privacy in a matter of sensitive and highly personal nature." *Advanced Textile*, 214 F.3d at 1068 (internal quotation marks omitted). For example, plaintiffs in the Ninth Circuit have been granted anonymity "when their claims involved allegations of sexual assault or rape," *Doe v. Rose*, No. 15-CV-07503, 2016 WL 9137645, at *1 (C.D. Cal. June 17, 2016) (collecting cases), and allege "being taken advantage of in a sexual manner as a minor." *Doe v. Lee*, No. 13-CV-04029, 2014 WL 630936, at *2–3 (N.D. Cal. Feb. 18, 2014) (allowing a plaintiff alleging "unauthorized and illegal distribution of indecent photographs of a minor" to proceed as a Doe).

Plaintiffs in this case are a parent and child. Dkt. 4 at 2.[1] They seek to proceed under pseudonyms because their claims involve the alleged grooming, manipulation, sexual harassment, and sexual exploitation of the minor child. Dkt. 4 (motion) at 2; dkt. 1 (complaint) ¶ 4. These allegations render the matter sensitive and highly personal in nature, *see Advanced Textile*, 214 F.3d at 1068, such that anonymity is appropriate.[2]

"[P]rejudice against [the d]efendants is low given that the action is in the pre-discovery stage and the Court can manage the pretrial proceedings to mitigate problems that anonymity may raise." *Doe v. Steele*, No. 20-CV-1818, 2020 WL 6712214, at *4 (S.D. Cal. Nov. 16, 2020). Additionally, Plaintiffs have no objection to disclosing their identities to defendants as the litigation unfolds. *See* dkt. 4 at 3. As such, there is no indication that defendants' ability to litigate will be impacted by allowing Plaintiffs to proceed anonymously.

The public interest does not weigh against Plaintiffs' motion and, in fact, weighs in

---

[1] Citations to page numbers correspond to the ECF page numbers at the top of each page.
[2] Plaintiffs represent that identification of the parent would result in identification of the minor child. Dkt. 4 at 2. As such, they both request pseudonyms.

favor. Plaintiffs present claims of sexual harassment and exploitation. Dkt. 1 ¶ 4. The public has a strong interest in allowing such cases to be adjudicated on their merits. A denial of the use of a pseudonym may deter other people who experience sexual harassment and exploitation from suing in order to vindicate their rights, merely because they fear that they will be stigmatized in their community if they are forced to bring suit under their true identity. *See* dkt. 4 at 3. Further, "the public interest in knowing the parties' identities is not threatened where, as here, there is nothing about the Plaintiff's identity which makes it critical to the working of justice and the basic facts of the case will be on public record." *B.M. v. Wyndham Hotels & Resorts, Inc.*, No. 20-CV-00656, 2020 WL 4368214, at *10 (N.D. Cal. July 30, 2020) (cleaned up).

Accordingly, Plaintiffs' motion to proceed by pseudonyms is granted, subject to reconsideration once defendants have appeared in this action.

This order dispenses with dkt. 4.

**IT IS SO ORDERED.**

Dated: September 24, 2025

Alex G. Tse
United States Magistrate Judge